**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund, *et al.*, | ) |
| | ) |
| | ) Case No. 20-cv-00435 |
| Plaintiffs, | ) |
| | ) Judge: Gary Feinerman |
| vs. | ) |
| | ) Magistrate Judge: Gabriel A. Fuentes |
| Brandon Excavating Inc. an Indiana corporation; and Michael Szarmach, an Individual; | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' EMERGENCY MOTION FOR PRE-JUDGMENT ATTACHMENT

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"), move pursuant to Fed. R. Civ. P. 64 and 735 ILCS 5/4–101(1) to issue a pre-judgment attachment to the property of Defendants Brandon Excavating, Inc., an Indiana corporation ("Brandon"), and Michael Szarmach, an Individual ("Szarmach"), in the above-captioned matter. In support of their motion, Plaintiffs state as follows:

1. On January 20, 2020, Plaintiffs filed their Complaint against Defendants Brandon Excavating Inc., an Indiana corporation ("Brandon"), and Michael Szarmach, an Individual ("Szarmach") (Doc. #1). Plaintiffs alleged that Brandon breached its contractual obligations when it failed to submit to Plaintiffs certain contribution and dues remittance reports, fringe benefit contributions, and union dues (Complaint ¶ 9, Doc. #1 at PageID #3).

2.     In their Answer to Plaintiffs' Complaint filed February 24, 2020, Defendants admitted to all the allegations establishing a violation of their contribution obligation to the Funds (Defendants' Answer to Plaintiffs' Complaint, Count I, "Suit for Delinquent Contributions," ¶¶ 1-14, Doc. #16 at PageID #144-148), except for the dollar amount claimed (*id*. ¶ 15, Doc. #16 at PageID #148).   Defendants likewise admitted to liability in Plaintiffs' claims for "Breach of Payment Plan" (*id*., Count II, ¶¶ 1-13, Doc. #16 at PageID #148-149), as well as the "Suit to Enforce Personal Guarantee" (*id*., Count III, ¶¶ 1-14, Doc. #16 at PageID #149-150), and the "Suit to Collect CRF Contributions" (*id*., Count IV, ¶¶ 1-12, Doc. #16 at PageID #151).   Defendants denied only the alleged calculation of the dollar amount owed (*id*., Count II, ¶ 14; Count III, ¶ 15; and Count IV, ¶ 13, Doc. #16 at PageID #148, 149, 150-151).

3.     On March 1, 2021, Plaintiffs filed their Motion for Summary Judgment and corresponding 56.1 Statement of Material Facts and brief (Doc. #46-48).   On March 2, 2021, this Court ordered that Defendants shall respond to Plaintiffs' Motion for Summary Judgment and 56.1 Statement of Material Facts by April 1, 2021 (Doc. #49).   Defendants have not yet filed their response as of the date of this Motion.

4.     Federal law permits pre-judgment attachment "in the manner provided by the law of the state in which the district court is held."   Fed. R. Civ. P. 64.   Under Illinois law, a creditor with a claim exceeding $20.00 may attach property of the debtor where the debtor is not a resident of Illinois.   735 ILCS 5/4–101(1); *see also M.S. Distrib. Co. v. Web Recs., Inc.*, 2003 WL 21267094, at *1 (N.D. Ill. May 30, 2003).   "[R]elief can be afforded to [Plaintiffs] under the Illinois attachment statute even though the property in issue is located outside of Illinois."   *Id*. at *2.   "[T]he purpose of the prejudgment attachment rules is to bring assets within the control of the Court

2

*before* there is the opportunity for them to be dissipated or otherwise rendered unavailable to satisfy a judgment." *Id.* at *4.

5.     On information and belief, Defendants Brandon and Szarmach have contracted with Don Smock Auction Company, Inc. (Commercial Real Estate – Crown Point, IN, Don Smock Auction Company, Inc., https://dsaauctions.hibid.com/catalog/265098/commercial-real-estate---crown-point--in/ [last visited Mar. 31, 2021]) on April 8, 2021, at 12:00 p.m. Central Standard Time, to sell at auction three (3) parcels of land.

6.     Upon information and belief, two of the parcels of land are owned personally by Defendant Szarmach (Exhibit A) and the remaining parcel is owned by Big Iron Holdings, LLC (Exhibit B), a property holding corporation owned by Szarmach (Exhibit C). All three parcels of land are advertised on a brochure found on Don Smock Auction Company, Inc.'s website simultaneously with various pieces of construction equipment, equipment attachments, vehicles, and accessories (Exhibit D).

7.     Pursuant to 735 ILCS 5/4–101(1), Plaintiffs seek to attach the real property: (1) 1200 Prairie Court, Crown Point, Indiana; and (2) 995 Hub Court, Crown Point, Indiana; and earnings of Defendants Brandon, Szarmach, including all proceeds from the sale thereof, which are currently in possession of Defendants and/or Don Smock Auction Company, Inc. or at the auction site.

8.     Real property transaction records show that Defendant Szarmach paid $19,500.00 on November 10, 2016 for the 995 Hub Court, Crown Point, Indiana parcel of land (Exhibit E). The size of this undeveloped parcel of land is 2.42 acres and the assessed valuation as recent as 2019 was $8,400.00 (Exhibit A at 1), in other words approximately 43.1 percent of the purchase price.

9.      The Funds have been unable to identify a recent purchase price for parcel located at 1200 Prairie Court, Crown Point, Indiana. However, the 2019 assessed valuation of the parcel, which sits adjacent to the 995 Hub Court, Crown Point, Indiana parcel and is likewise undeveloped was assessed for $11,400.00 (Exhibit A at 6). The Funds believe it is reasonable to assume that if the 2019 valuation price of the 995 Hub Court parcel was approximately 43.1 percent of the purchase price, then the estimated purchase price for the 1200 Prairie Court parcel is approximately $26,450.00 ($11,400 assessed valuation is approximately 43.1 percent of $26,450). For both parcels, Plaintiffs estimate the property value to be no less than $45,950.00 ($19,500.00 + $26,450.00 = $45,950.00).

10.      In support of its Motion, Plaintiffs submit the affidavit of Thomas M. Bernstein (attached hereto as Exhibit F).

11.      Plaintiffs are required to submit a bond in the amount of twice of the amount attached (i.e. $45,950.00 x 2 = $91,900.00) (attached hereto as Exhibit G).

12.      An emergency exists due to the circumstances set forth in Paragraphs 1 through 11 above.

13.      Good cause exists for the immediate issuance of this Court's Order of Pre-Judgment Attachment.

WHEREFORE, Plaintiffs respectfully request that, after review of this Motion and after conducting a hearing on this matter, this Court issue its Order of Pre-Judgment Attachment, approving the written undertakings submitted herewith by Plaintiffs, and for all other just and proper relief in the premises.

Dated: April 5, 2021                    Respectfully submitted,

                                        By:   /s/ James Connolly, Jr.
                                              One of the Attorneys for Plaintiffs

4

Attorneys for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*
Elizabeth A. LaRose *(elarose@local150.org)*
James Connolly, Jr. *(jconnolly@local150.org)*
Institute for Worker Welfare, P.C.
6140 Joliet Road
Countryside, IL  60525
Ph: (708) 579-6663
Fax: (708) 588-1647

Attorneys for Local 150:

Dale D. Pierson *(dpierson@local150.org)*
Elizabeth A. LaRose *(elarose@local150.org)*
James Connolly, Jr. *(jconnolly@local150.org)*
Local 150 Legal Dept.
6140 Joliet Road
Countryside, IL  60525
Ph: (708) 579-6663
Fax: (708) 588-1647

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that on April 5, 2021, he electronically filed the foregoing with the Clerk of Court using the CM/CM/ECF system which sent notification to the following:

Megan M. Moore *(mmm@alloccomiller.com)*
Kathleen Marie Cahill *(kmc@alloccomiller.com)*
Todd Abraham Miller *(tam@alloccomiller.com)*
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, Illinois 60606


By:  /s/ James Connolly, Jr.
One of the Attorneys for Plaintiffs


Attorneys for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*
Elizabeth A. LaRose *(elarose@local150.org)*
James Connolly, Jr. *(jconnolly@local150.org)*
Institute for Worker Welfare, P.C.
6140 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6663
Fax: (708) 588-1647

Attorneys for Local 150:

Dale D. Pierson *(dpierson@local150.org)*
Elizabeth A. LaRose *(elarose@local150.org)*
James Connolly, Jr. *(jconnolly@local150.org)*
Local 150 Legal Dept.
6140 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6663
Fax: (708) 588-1647